**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AJMAL KHAN and FAIZA SALEEM,

       Plaintiffs,

v.                                                    Case No:   6:23-cv-558-WWB-LHP

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,
DIRECTOR, CITIZENSHIP AND
IMMIGRATION SERVICES and
SECRETARY, US DEPARTMENT OF
STATE,

       Defendants

---

**ORDER**

This case has been referred to the undersigned "for case management, ruling on all non-dispositive motions, and the issuance of Report and Recommendations on dispositive motions."   Doc. No. 7.   On August 9, 2023, Defendants filed an Unopposed Motion to Stay Case, in which they move for a stay pending the adjudication of Plaintiff Amjal Khan's Form N-400, Application for Naturalization ("Form N-400") and, if approved, the resulting naturalization of Plaintiff Khan, reporting and conversion of Plaintiff Faiza Saleem's visa case to the immediate relative ("IR1") visa category, and the Department of State's determination of the

impact of the conversion.   Doc. No. 15.   According to the motion, adjudication of Plaintiff Khan's Form N-400 will have a direct impact on this lawsuit, and, in turn, Defendants' request for dismissal of the case.   *Id.* at 4.   *See also* Doc. No. 13. Plaintiffs do not oppose the request for a stay.   Doc. No. 15, at 5.

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets.   *See, e.g.,* *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances.").

Upon consideration of the representations in the Unopposed Motion, the undersigned finds the request for a stay well taken.   *See* Doc. No. 15.   Accordingly, it is **ORDERED** as follows:

1.     The Unopposed Motion to Stay Case (Doc. No. 15) is **GRANTED**.

2.     The case is **STAYED** until further order from the Court, and the Clerk of Court is **DIRECTED** to administratively close the file.

3.      The parties are **DIRECTED** to file a status report every **ninety (90) days** after the date of this Order and every **ninety (90) days** thereafter, addressing the status of adjudication of Plaintiff Khan's Form N-400.

4.      If the parties wholly resolve this matter, the parties shall immediately notify the Court.

5.      Given the representations that adjudication of Plaintiff Khan's Form N-400 will require additional briefing on Defendants' motion to dismiss (Doc. No. 13), the motion to dismiss will be **DENIED without prejudice**.  Defendants may renew the motion within **fourteen (14) days** of an Order lifting the stay.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties